**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Charles William O'BRIEN, Defendant–Appellant.**

No. 03–3499.

United States Court of Appeals, Sixth Circuit.

Aug. 24, 2004.

Rehearing Denied Nov. 3, 2004.

Before SILER and ROGERS, Circuit Judges; and CALDWELL, District Judge.*

ROGERS, Judge.

The United States filed the underlying complaint stating claims for unjust enrichment and conversion arising from Charles William O'Brien's criminal conduct with respect to mortgages he obtained from various financial institutions. The action filed by the Government can be construed

---

* The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

in two ways. First, it can be construed as an attempt by the Government to enforce a criminal restitution order entered against O'Brien. Alternatively, it can be construed as an attempt by the Government on behalf of the Federal Deposit Insurance Corp. ("FDIC") to recover for losses suffered by the FDIC's predecessors in interest—the defrauded financial institutions—for losses suffered as a result of O'Brien's conduct.[1] The district court construed the Government's complaint as an attempt to enforce the criminal restitution order by reducing that order to a civil judgment and granted the Government's motion for summary judgment. Because we find that the criminal restitution order has expired and, therefore, may not be enforced against O'Brien, we reverse the judgment of the district court and remand for further proceedings.

The underlying facts are somewhat murky, but, in essence, O'Brien engaged in illegal hijinks to obtain mortgages from several financial institutions. In 1990 and 1991, those financial institutions sought foreclosure on the properties in question and obtained money judgments against O'Brien. The Resolution Trust Corporation ("RTC"), the predecessor to the FDIC, insured the financial institutions and ultimately suffered losses due to O'Brien's illegal conduct.[2] In 1993, based on his conduct in connection with the mortgages, O'Brien was indicted on fourteen counts of bank fraud and four counts of money laundering. O'Brien pled guilty, and his sentence included terms of imprisonment and supervised release, as well as a requirement that he make restitution to

the RTC. To this date, O'Brien has failed to make the required restitution payments.

The Government filed a civil suit in district court in 2001 to collect on O'Brien's outstanding restitution obligations, stating claims for unjust enrichment and conversion. O'Brien contends that the claims of unjust enrichment and conversion are barred by res judicata because they could have been asserted by the defrauded financial institutions—the FDIC's predecessors in interest—during prior foreclosure actions brought by the financial institutions in the Ohio courts in 1990 and 1991. The parties filed cross-motions for summary judgment. The district court concluded that res judicata was inapplicable because the federal litigation was based on different facts than the state court litigation. Although O'Brien's defalcations were central to both, the state court litigation involved O'Brien's default on various promissory notes while the federal litigation concerned O'Brien's failure to obey the restitution order issued by the criminal court. Because O'Brien's failure to obey the restitution order occurred after the state court litigation, the Government had no cause of action to litigate at the time of the state court litigation, and, therefore, the current cause of action was not barred by res judicata. Thus, the district court appeared to conclude that the Government's claim sought enforcement of O'Brien's criminal restitution obligations rather than seeking redress for O'Brien's underlying tortious conduct. The district court granted the Government's motion for summary judgment and denied O'Brien's motion. O'Brien filed this timely appeal.

---

1. Much of the confusion can be traced to the fact that the Government is both the prosecutor and the victim in this instance, and it is unclear in which capacity the Government is suing.

2. It is unclear whether the losses were a result of claims paid by the FDIC as an insurer or whether the FDIC directly succeeded to the financial institutions' losses by taking over the financial institutions.

The district court erred in granting the Government's motion for summary judgment because the criminal restitution order has expired and is no longer enforceable against O'Brien. When O'Brien was sentenced in 1995, federal law permitted sentencing judges to order a defendant to pay restitution immediately or to order that a defendant pay restitution within a specified period or in specified installments. *See* 18 U.S.C. § 3663(f) (1995). The statute provided, however, that the payment period could not extend beyond five years after the end of any term of imprisonment imposed or beyond the term of probation where no term of imprisonment is imposed. 18 U.S.C. § 3663(f)(2)(B). In *United States v. Joseph*, 914 F.2d 780 (6th Cir.1990), this court concluded that this provision[3] expressly limited the life of criminal restitution orders, and the defendant's restitution obligation could not be extended beyond the statutory period. *Id.* at 786.[4] In so holding, the court noted that, during the statutory period, the sentencing court retained the equitable power to modify a criminal restitution order if a defendant's circumstances change. Once the statutory period ended, however, the sentencing court would be without jurisdiction to make equitable adjustments. In the instant case, there is no dispute that the statutory period has expired. Accordingly,

if the action filed by the Government is an attempt to enforce the criminal restitution order, the district court erred in granting summary judgment in favor of the Government, because the criminal restitution order could no longer be enforced against O'Brien.

In enforcing the expired restitution order against O'Brien by reducing the criminal order to a civil judgment, the district court relied on language in *Joseph* suggesting an alternative basis for relief.[5] Although the district court recognized that, under *Joseph*, the criminal restitution order entered against O'Brien had expired, it read *Joseph* as permitting the Government to pursue judgment in a civil action to collect on O'Brien's unpaid restitution obligation. *See* J.A. at 29 and 172–73. *Joseph*, however, suggested that the victim of the defendant's conduct could institute a civil action against the defendant on the underlying liability—not on the criminal judgment—if the amount of restitution collected under the criminal restitution order was not satisfactory. *Joseph*, 914 F.2d at 786. This is different from permitting the Government to enforce the expired criminal restitution order by reducing it to a civil judgment, as the district court purported to do in this case. Indeed, reducing the expired criminal restitution order to a civil judgment raises the very concern

---

3. In *Joseph*, the court considered 18 U.S.C. § 3579(f), the predecessor to 18 U.S.C. § 3663(f). The language of these provisions is identical, as the sections were renumbered without substantive change in 1984. *See* Pub. L. No. 98–473, Title II, § 212(a)(1).

4. While *Joseph* remains good law for the purposes of this case, its applicability in future cases is limited, inasmuch as 18 U.S.C. § 3663(f) was eliminated by Congress in 1996. *See* Anti-terrorism and Effective Death Penalty Act of 1996. Pub. L. No. 104–132, § 205(a)(2). Because O'Brien was convicted before the effective date of the change. Pub.

L. No. 104–132, § 211, the pre-amendment statute applies. *United States v. Comer*, 93 F.3d 1271, 1274 n. 1 (6th Cir.1996).

5. The district court also relied on decisions from our sister circuits—*United States v. Rostoff*, 164 F.3d 63 (1st Cir.1999) and *United States v. Soderling*, 970 F.2d 529 (9th Cir. 1992)—for the proposition that the expired restitution order remained enforceable. In *Rostoff*, however, the First Circuit recognized that its conclusion was inconsistent with this circuit's decision in *Joseph*, 164 F.3d at 67 n. 5, and we are bound by *Joseph*.

expressed in *Joseph,* because the sentencing court lacks jurisdiction to make equitable adjustments to the judgment.

Accordingly, we reverse the district court's grant of summary judgment to the Government. However, as noted above, the complaint—which states claims for unjust enrichment and conversion—could be construed as an attempt by the Government on behalf of the victim of O'Brien's criminal conduct (the FDIC) to recover for the underlying losses the victim suffered as a result of O'Brien's criminal conduct. The district court did not consider whether claims of that nature were barred by res judicata. Accordingly, we remand the case for further proceedings consistent with this opinion.