*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0241p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

FEDERAL DEPOSIT INSURANCE CORPORATION,
*Plaintiff-Appellant,*

*v.*

No. 04-6437

RICHARD E. DOVER,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 03-00210—R. Leon Jordan, District Judge.

Argued: December 1, 2005

Decided and Filed: July 11, 2006

Before: BOGGS, Chief Judge; BATCHELDER, Circuit Judge; and COHN, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Kathleen V. Gunning, FEDERAL DEPOSIT INSURANCE CORPORATION, Arlington, Virginia, for Appellant. Dean B. Farmer, HODGES, DOUGHTY & CARSON, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Kathleen V. Gunning, FEDERAL DEPOSIT INSURANCE CORPORATION, Arlington, Virginia, for Appellant. Dean B. Farmer, Kristi M. Davis, HODGES, DOUGHTY & CARSON, Knoxville, Tennessee, for Appellee.

_____

## OPINION

_____

BOGGS, Chief Judge. This is a case of statutory interpretation. The Federal Deposit Insurance Corporation ("FDIC") appeals from a grant of summary judgment dismissing the FDIC's suit to collect $19.6 million under a criminal restitution order entered pursuant to 18 U.S.C. § 3663, part of the Victim and Witness Protection Act ("VWPA") of 1982,. The action was instituted before the repeal of the Act. The outcome turns on an interpretation of the Act. We reverse in part and affirm in part and order that summary judgment be entered in favor of the FDIC.

_____

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

**I**

In 1991, Richard E. Dover ("Dover"), now a resident of Knoxville, pled guilty to two counts of making a false statement to Sunbelt Federal Savings, in violation of 18 U.S.C. § 1014. The conduct underlying the offenses to which he pled guilty concluded in 1985. At a sentencing hearing in 1993, the United States District Court for the Southern District of Texas ("sentencing court") sentenced Dover to two years of probation on each count, running concurrently. Under the VWPA, the sentencing court also entered an order for criminal restitution in the amount of $19,620,928.58. This was imposed as a "special condition of probation." The sentencing court ordered further that restitution payments would constitute payment against a $284 million civil judgment that had been entered against Dover in 1990 in favor of Sunbelt, and, conversely, payments on the civil judgment would count as restitution. Restitution was to be paid to the District Court Clerk for disbursement to the Resolution Trust Corporation ("RTC"), the receiver for the victim.

RTC sold its interest in the civil judgment to Stonehenge/FASA in 1994. In 1995, when Dover was released from dischargeable debts by a bankruptcy court, he settled this claim with Stonehenge/FASA for $5,000.

Following the failure of Sunbelt, the FDIC succeeded to the victim's interest in the restitution. It is undisputed that, although Section 3663(f) was repealed in 1996, it applies to this case because Dover was sentenced while it was still in effect.

In 1998, Dover completed his probation. He had not made any restitution payments (save for the $5,000 settlement, which counts towards the restitution) by this time. The FDIC's amended complaint therefore seeks a restitution amount $5,000 lower than that originally sought.

The United States Attorney's Office in Knoxville, Tennessee, filed discovery requests in October 2002 and instituted an action to enforce the restitution of $19.6 million. In January 2003, the district court granted the FDIC's motion, unopposed by Dover, to intervene in the action. Three months later, the FDIC filed a complaint with the district court to recover $19.6 million in restitution pursuant to 18 U.S.C. § 3663(h), the clause that empowers the victim to pursue enforcement "in the same manner as a judgment in a civil action."[1]

The United States withdrew and the district court permitted the FDIC to proceed in its parallel action. Pursuant to the order of the district court, the parties filed motions for summary judgment.

Dover argued that, as a "special condition" of his probation, his obligation to pay restitution expired at the end of his probation under the time limits set forth in § 3663(f)(2). He also argued that the release of his civil liability on the $284 million judgment foreclosed the FDIC's action to collect restitution. The FDIC argued that, because the sentencing court had ordered Dover's restitution payable immediately, not within a specified period or in specified installments, certain

---

[1]18 U.S.C. § 3663(h) provides:
(h) An order of restitution may be enforced–
(1) by the United States–
(A) in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of this title; or
(B) in the same manner as a judgment in a civil action; and
(2) by a victim named in the order to receive the restitution, in the same manner as a judgment in a civil action.
18 U.S.C. § 3663(h).

statutory time limits contained in § 3663(f)(2) did not apply.[2]  The FDIC also argued that this section places time limits only on the sentencing court's authority to schedule payment of restitution; it does not terminate the defendant's obligation to pay at the end of those statutory time limits if restitution is still outstanding.

The district court held that the civil settlement of the $284 million judgment did not affect the restitution order.  It held that private parties cannot release criminal wrongdoers from punishment.  However, the court granted summary judgment for Dover.  The court relied primarily on *United States v. O'Brien*, 109 F. App'x 49 (6th Cir. 2004) and its interpretation of *United States v. Joseph*, 914 F.2d 780 (6th Cir. 1990).  It adopted the conclusions of the *O'Brien* court that:

1) a defendant's restitution obligation may not be extended beyond the time periods mentioned in § 3663(f), and

2) when the deadlines have passed, the restitution obligation has expired and cannot be enforced.

The district court therefore found that Dover's restitution order had expired at the end of his probation and that the FDIC was not entitled to pursue enforcement of the restitution order.  The FDIC filed a timely notice of appeal.

We review *de novo* the grant of summary judgment in favor of Dover.  *Boone v. Spurgess*, 385 F.3d 923, 927 (6th Cir. 2004).  We hold that the district court erred in finding that an immediately payable restitution order entered under 18 U.S.C. § 3663(f)(3) expired at the end of the criminal defendant's probation period.  We affirm the district court's conclusion that settlement of a civil judgment with the victim and satisfaction of that judgment does not estop the FDIC from collecting criminal restitution in favor of the same victim.

## II

This case presents a question of first impression, insofar as it concerns a restitution order pursuant to the now-repealed terms of the VWPA, a sentence including probation and restitution but no imprisonment, and an order by the sentencing court for immediate payment of the restitution, rather than by a schedule of installments or by a fixed date in the future.

## III

In the court below, Dover argued that his obligation to pay restitution expired at the end of his probation because he was ordered to pay restitution as a special condition of that probation.  The FDIC argued that the restitution's having been made a special condition was immaterial to its expiry, and that the time limitations contemplated in § 3663(f)(2)(A) were inapplicable because the

---

[2]18 U.S.C. § 3663(f) provides:

(f)(1) The court may require that such defendant make restitution under this section within a specified period or in specified installments.

(2) The end of such period or the last such installment shall not be later than–

(A) the end of the period of probation, if probation is ordered;

(B) five years after the end of the term of imprisonment imposed, if the court does not order probation; and

(C)five years after the date of sentencing in any other case.

(3) If not otherwise provided by the court under this subsection, restitution shall be made immediately.

. . . .

18 U.S.C. § 3663(f).

sentencing court ordered the restitution to be paid immediately, rather than on a schedule, as contemplated by § 3663(f)(1)-(2).

The district court found *United States v. Joseph*, 914 F.2d 780 (6th Cir. 1990) controlling.[3] The *Joseph* court had concluded that subsection (f) "expressly limits the life of a restitution order." *Joseph*, 914 F.2d at 786. The district court noted that the more recent *United States v. O'Brien*, 109 F. App'x 49 (6th Cir. 2004) affirmed *Joseph* as good law.

Because interpretation of *Joseph* and *O'Brien* supported the district court's analysis, and because those cases might appear quite similar to the facts here, further exposition of the precedents is useful.

We distinguish *Joseph* on two chief grounds: first, the district court in that case ordered restitution to be paid at specified times (or at least at times to be specified later), not immediately, and second, our discussion of time limits in that case was situated, if not expressly couched, in the context of payment on a required security agreement.

Joseph pled guilty to making a false statement to the Small Business Administration and to filing a false federal income tax return. The district court sentenced him to two years of imprisonment for the false statement, and imposed a three-year suspended sentence and five-year probation for the tax violation. The court further ordered him to pay restitution as "one of the conditions of" the probation for the tax violation. *Joseph*, 914 F.2d at 781. The *Joseph* court quoted the language of the district court's order:

> The defendant shall pay restitution in the amount of $318,000, . . . which amount will fairly compensate the SBA for any unpaid advances it made, and . . . *defendant and the SBA [will] execute forthwith a consent judgment in favor of the SBA in such amount,* which shall be in full settlement of all claims of the SBA against defendant; *and defendant will execute security agreements to secure its payment during and after the period of probation.* The payment of such restitution shall be by periodic payments during the period of probation in the amounts and in accordance with the payment schedule to be established by the Probation Department, which schedule may be adjusted by the Probation Department as it determines appropriate during the period of probation.

Quoted in *Joseph*, 914 F.2d at 783. (Emphasis supplied.)

We note that the district court ordered, pursuant to the language of what is now numbered § 3663(f)(1), *periodic* payments. This distinguishes our case from *Joseph*. Dover's sentencing judge ordered that his restitution be paid "immediately."

This court ultimately refused to enforce payment of Joseph's unpaid restitution agreement. We held that "[i]f restitution is ordered under the Victim Act, finally, the court may not require the defendant to execute a consent judgment or otherwise require him to secure payment 'during and after the period of probation.'" *Id*. at 786.

We must look to the opinion's bar on "otherwise requir[ing] him to secure payment 'during and after the period of probation.'" We find that it is not intended to prohibit all restitution extending beyond the time of probation. We find instead that the key to its meaning lies in the word "secure," and we note that time limits were discussed in that case in the context of contractual

---

[3]*Joseph* addressed 18 U.S.C. § 3579(f). The Comprehensive Crime Control Act of 1984 renumbered §§ 3579 and 3580 as §§ 3663 and 3664, without change in their language.

instruments such as promissory notes. In *Joseph*, immediately following the sentence quoted *supra*, we quoted sections of the statute and cited *United States v. Bruchey*, 810 F.2d 456 (4th Cir. 1987) as instructive. In that case, the "Fourth Circuit held that it was error for the district court to exact a promissory note on which the victim could have brought suit for 21 years[.]" *Joseph* at 786. We quoted the *Bruchey* court's statement, *inter alia*, that the "victim and defendant never 'agreed' on the terms of a promissory note and we conclude that the district court should not compel a defendant to sign such an 'agreement.'" *Ibid.* Because this was the section the *Joseph* court quoted, we conclude that we intended to emphasize the phrase "secure payment," and that, for the purposes contemplated in that case, an "otherwise" method of securing payment was understood to be through a vehicle such as a promissory note.

The facts of the unpublished *O'Brien* case are closer to the facts here. In *O'Brien*, the defendant pled guilty to bank fraud and money laundering. The district court sentenced him to a term in prison and supervised release, plus restitution. O'Brien never paid. The United States sued him in federal court. We adopted the district court's interpretation of the Government's suit as an effort to enforce the restitution order in that case. *O'Brien*, 109 F. App'x at 50. Our court then reversed the district court's grant of summary judgment to the government. Our analysis from that case was closely followed by the district court in the case now before us. The key part follows:

> The district court erred in granting the Government's motion for summary judgment because the criminal restitution order has expired and is no longer enforceable against O'Brien. When O'Brien was sentenced in 1995, federal law permitted sentencing judges to order a defendant to pay restitution immediately or to order that a defendant pay restitution within a specified period or in specified installments. *See* 18 U.S.C. § 3663(f) (1995). The statute provided, however, that the payment period could not extend beyond five years after the end of any term of imprisonment imposed or beyond the term of probation where no term of imprisonment is imposed. 18 U.S.C. § 3663(f)(2)(B). In *United States v. Joseph,* 914 F.2d 780 (6th Cir.1990), this court concluded that this provision expressly limited the life of criminal restitution orders, and the defendant's restitution obligation could not be extended beyond the statutory period. *Id.* at 786. In so holding, the court noted that, during the statutory period, the sentencing court retained the equitable power to modify a criminal restitution order if a defendant's circumstances change. Once the statutory period ended, however, the sentencing court would be without jurisdiction to make equitable adjustments. In the instant case, there is no dispute that the statutory period has expired. Accordingly, if the action filed by the Government is an attempt to enforce the criminal restitution order, the district court erred in granting summary judgment in favor of the Government, because the criminal restitution order could no longer be enforced against O'Brien.

*O'Brien*, 109 F. App'x at 51 (footnotes omitted)

The district court in *Dover* wrote that the "same analysis applies to the case now before the court."

There are at least two ways to distinguish *O'Brien* from our case. First, O'Brien was sentenced to prison time plus restitution, not just probation and restitution. Second, the district judge ordered O'Brien to "begin to pay the restitution ordered . . . immediately, to the extent possible

. . . ." (Page 3 and n.1 of "Amended Judgment Including Sentence Under the Sentencing Reform Act," *U.S. v. O'Brien*, Case No. CR2-93-152, September 5, 1995). The district court in our case simply ordered restitution "to be paid immediately," without further qualification. In so doing, it did not order a payment schedule that would extend beyond the time of its jurisdiction. An order for complete immediate payment is distinguishable from an order to *begin* payment "to the extent possible." Because subsections 3663(f)(1) and (3) contemplate the timing and periodicity of restitution payments–a "specified period" and "specified installments" are discussed in (f)(1) and "immediate[]" payment is established as the default in (f)(3)–this distinction is important.

We do not rely solely on these distinctions between our case and *O'Brien*. As an unpublished decision, *O'Brien* is not binding on this court. Insofar as *O'Brien* is interpreted to hold that, where restitution is ordered to be paid immediately, a restitution order expires at the end of a convict's supervisory release or probation, we find that holding to be non-binding and that interpretation to be incorrect.

Because § 3663(f)(1), *Joseph*, and *O'Brien* discuss imposition of restitution to be paid in periodic installments, because the case now before us involves a clear order to pay restitution immediately, and because the policy underlying restitution would be thwarted if a convict could merely delay payment beyond the end of probation to escape his full punishment, this court declines to follow the district court's reasoning.

## IV

Indeed, our reading of the statutory language, especially subsections (f)(1)-(3), indicates that a cutoff date applies only where periodic or scheduled installments have been ordered. It is consistent with the policy of restitution and also with the aim not to burden defendants with restitution payments that are scheduled by the judge to be made long after the penalty of probation or release has ended. However, it would be inconsistent with the policy of restitution to extend this logic to orders of immediately payable restitution. Defendants should not be able to escape payment of restitution permanently simply by avoiding payment for a while.

Our conclusion in this case as to the meaning and policy of § 3663 aligns this circuit with the general trend of opinion in our sister courts.

In *United States v. Rostoff*, 164 F.3d 63 (1st Cir. 1999), the First Circuit held that "[e]nforcement of [a] restitution order is governed not by subsection (f) . . . but by subsection (h)." *Id*. at 67. The district court did not consider this case. The facts of *Rostoff* are similar to those of *Dover*. The brothers Rostoff (Steven and David) were convicted of fraud, false statement, and conspiracy in their commerce with a savings and loan. They were each sentenced to a prison term, supervised release, and restitution "not to exceed $650,000." *Id*. at 64 (internal quotations omitted). Importantly, like the sentencing court in *Joseph*, the sentencing court in *Rostoff* ordered that the restitution be paid "in installments as determined by the probation department." *Ibid*. The Rostoffs each paid only roughly $8,000 during their supervised release. However, they took steps to hide assets belonging to them, in violation of the terms of their release. A fortnight before the end of the Rostoffs' period of supervised release, the United States sued both brothers, seeking a declaration that the restitution debt was enforceable. The First Circuit upheld the district court's ruling that the restitution order had not expired.

Though it is possible to distinguish *Rostoff* on the grounds that the restitution in our case was imposed with an order for immediate payment, the First Circuit's reasoning is instructive, particularly in its analysis of the VWPA's purpose. The *Rostoff* court held that subsection (h) "governed" the "[e]nforcement of the restitution order." *Id*. at 67. It held further that this subsection applied to restitution orders payable immediately but also to those payable at later dates. To hold

otherwise, the court noted, would "create the anomalous result that an order of restitution that is due immediately expires twenty years [the Massachusetts limit on enforcement of judgments in favor of the government] after it is issued, while an order of restitution due in the future expires the instant its due date passes." Such a result would "give . . . defendants an incentive to 'run[] out the clock in the fourth quarter of play' rather than redress their wrongs" and "would be entirely at odds with the express object and policy of the VWPA of which subsection (f) is a part." *Id.* at 67-68 (quoting *United States v. Rostoff*, 956 F. Supp. 38, 43 (D. Mass. 1997) (internal quotations and citation omitted).

In *United States v. Idema*, 118 F. App'x 740, 743 (4th Cir. 2005), the Fourth Circuit stated clearly that "the time limitations in the VWPA do not apply to this case because the district court ordered Idema to pay restitution immediately. The time limitations in § 3663(f) apply only when the district court schedules payments over time or by installments."

The Seventh Circuit squarely addressed the question before this court in *United States v. House*, 808 F.2d 508 (7th Cir. 1986). Judge Easterbrook wrote for a unanimous panel:

> Section 3579(f)(3) makes restitution due immediately, like an ordinary debt. Section 3579(f)(1) allows the sentencing court to depart from that rule and to establish a payment schedule–payment "within a specified period or in specified installments." Section 3579(f)(2) says that "[t]he end of such period or the last such installment" shall come within a specified time. The reference–"such period" or "such installment"–is to the periods and installments established under § 3579(f)(1). Unless there is such a period or installment, § 3579(f)(2) is inapplicable. So when an order to pay restitution does not establish a period or set a schedule of installments, it also is not limited in time.
>
> This makes perfect sense. Restitution is a debt, which may be collected using the means appropriate to other debts. 18 U.S.C. § 3579(h). Debts do not abate after five years. . . . The power of a district judge to establish a schedule of repayment under § 3579(f)(1) created a risk that the schedule would be so extended as to make the order ineffectual. A defendant told to pay in 40 years has been told he can keep the money. So § 3579(f)(2) limits the use of § 3579(f)(1) to drag out the process of restitution. Such a limit is unnecessary when payment is due immediately under § 3579(f)(3).

*Id.* at 511.

The Ninth Circuit cited and quoted *House* approvingly on this point in *United States v. Soderling*, 970 F.2d 529, 535 n.12 (9th Cir. 1992). And the Eleventh Circuit appears to have favored a similar position, if only briefly and in a footnote, in *United States v. Fuentes*, 107 F.3d 1515, 1533 n.33 (11th Cir. 1997), where it wrote that "although the sentencing court must determine the amount of restitution in light of the defendant's ability to pay within the time period provided by § 3663(f), the defendant is not automatically 'off the hook' at the end of that period."

With respect to the issue of the interpretation of the VWPA and enforcement of the restitution, we reverse the judgment of the district court.

## V

The district court clearly ruled that Dover's settlement of his civil liability of $284 million (for $5,000) does not affect the restitution order. The FDIC concedes that the amount of that settlement is to be deducted from the $19.6 million it is seeking to recover in this enforcement action. Dover argues in his brief that the district court ruled incorrectly on this issue. Dover contends that "the FDIC is estopped from further collection efforts because Mr. Dover settled with the victim and paid the settlement in full." (Appellee's Brief, 27).

Dover's argument fails. The district court properly cited *United States v. Bearden*, 274 F.3d 1031 (6th Cir. 2001) for the proposition that, in words of the Memorandum Opinion, a

> settlement between a criminal wrongdoer and his victim that releases the wrongdoer from further liability does not affect a district court's ability to impose a restitution order at sentencing. The fact that the settlement in this case was entered into after the restitution was ordered does not mean that the basic principle set out in *Bearden* does not apply. *Id*. at 2041 (A purpose of criminal restitution is punishment. 'It would be improper to permit private parties to release criminal wrongdoers from punishment.').

Our court has spoken convincingly in favor of the FDIC's position on this point. Settlement of a civil liability does not affect enforcement of a restitution order except insofar as the amount of that settlement might, consistent with the terms of the original sentence, count against the recoverable amount in the enforcement suit. We affirm this portion of the district court's judgment.

## VI

We **REVERSE** in part and **AFFIRM** in part and order that summary judgment be entered in favor of FDIC.