

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2008

# USA v. Abuhouran

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4802

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Abuhouran" (2008). *2008 Decisions.* Paper 1256.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1256

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-191**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4802
_____

UNITED STATES OF AMERICA

v.

HITHAM ABUHOURAN
a/k/a STEVE HOURAN,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 95-cr-00560-LP-1)
District Judge:  Honorable Louis H. Pollak

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 1, 2008

Before:  SLOVITER, FISHER and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Filed: May 7, 2008 )
_____

OPINION
_____

PER CURIAM

In September 1996, Hitham Abuhouran pled guilty to an indictment charging him

with various crimes arising out of fraudulent schemes, executed in 1990 and 1991, which

resulted in the theft of more than $9 million from the Bank of the Brandywine Valley of West Chester, Pennsylvania. In addition to a prison term of 188 months and other sanctions, Abuhouran was ordered to pay restitution in the amount of $6,917,246.10. This Court affirmed. See United States v. Abuhouran, 161 F.3d 206 (3d Cir. 1998). His repeated efforts to obtain post-conviction relief have been unsuccessful. Among those efforts was a motion, filed in November 2006, seeking termination of the restitution order pursuant to "the former [18 U.S.C.] § 3579(f)[(2)], and the later [18 U.S.C.] § 3663(f)(2)." By order entered December 18, 2007, the District Court denied the motion, noting that those statutory provisions were not in effect at the time Abuhouran was sentenced. Abuhouran appealed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because this dispute is purely a matter of statutory interpretation, we review the District Court's ruling de novo. See Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999); United States v. Rostoff, 164 F.3d 63, 66 (1st Cir. 1999).

Relying on United States v. Holland, 380 F. Supp. 2d. 1264 (N.D. Ala. 2005), Abuhouran argues that his restitution order has "expired." In Holland, the defendant's

---

[1]The notice of appeal sought generally to appeal the order of December 18, 2007, which disposed of at least nine other motions filed by appellant. Abuhouran has since requested, however, that the appeal be narrowed to only "the issue of the statute of limitation on the collectibility of restitution under 18 U.S.C. § 3579(f)(2)(C)."

2

order of restitution was entered pursuant to the Victim and Witness Protection Act of 1982 ("VWPA"), which provided, in relevant part:

> The end of such period [of restitution payments], or the last of such installments shall not be later than --
> (A)     the end of the period of probation, if probation is ordered;
> (B)     five years after the end of imprisonment imposed, if the court does not order probation; and
> (C)     five years after the date of sentencing in any other case.

18 U.S.C. § 3663(f)(2).[2]  The Holland court held that this provision "clearly provides a five-year time limit on all restitution obligations."  Holland, 380 F. Supp. 2d at 1269.  Therefore, even though the defendant's 1995 restitution order purported to create a continuing payment obligation during his 210 month sentence, the Holland court ordered the Bureau of Prisons to stop collecting restitution payments.[3]  Id. at 1269-70.

Congress eliminated § 3663(f) with the passage of the Mandatory Victims Restitution Act ("MVRA") in 1996.  The MVRA became "effective for sentencing proceedings in cases in which the defendant is convicted on or after the date of enactment of this Act," April 24, 1996.  See United States v. Cottman, 142 F.3d 160, 168 n.10 (3d

---

[2]Section § 3579(f) of Title 18, which Abuhouran cited in his November 2006 motion, is the predecessor to § 3663(f).  The provision was renumbered without substantive change in 1984.  See Hughey v. United States, 495 U.S. 411, 412-13 & n.1 (1990).

[3]Of course, Holland is not binding upon this Court.  Perhaps more importantly, though, Holland involved a defendant who was "left . . . holding the bag" while his co-defendant, who was jointly responsible for the restitution payment, "escaped" his obligation.  Holland, 380 F. Supp. 2d at 1269.  The Holland court found those circumstances "outrageous" and "a travesty that calls for correction."  Id.  The same cannot be said of Abuhouran's situation.

3

Cir. 1998) (quoting Antiterrorism and Effective Death Penalty Act of 1996, § 211).

Because Abuhouran was convicted in September 1996, the District Court held that former § 3663(f) did not apply to his case.

Importantly, however, this conclusion overlooks United States v. Edwards, 162 F.3d 87 (3d Cir. 1998), where we held that applying the MVRA to a defendant whose offenses pre-dated the Act violated the Ex Post Facto Clause. See id. at 91. Abuhouran committed his crimes prior to the MVRA's enactment. Therefore, the VWPA applied to the imposition of his restitution order. See United States v. Holmes, 193 F.3d 200, 205 (3d Cir. 1999). Under the VWPA, sentencing judges were permitted to order a defendant to pay restitution immediately, within a specified period, or in installments. See 18 U.S.C. §§ 3663(f)(1), (3). As noted above, however, the statute provided that the payment period could not extend beyond the term of probation where no term of imprisonment is imposed, § 3663(f)(2)(A), beyond five years after the end of any term of imprisonment imposed, § 3663(f)(2)(B), or beyond five years after the date of sentencing in any other case, § 3663(f)(2)(C).

Abuhouran asserts that § 3663(f)(2)(C) effectively voided the restitution order five years after he was sentenced.[4] Notably, however, that provision applies only where the

_____

[4]If Abuhouran was ordered to pay restitution immediately, something that is not clear from the record, he arguably could not invoke the time limitations in § 3663(f)(2). See FDIC. v. Dover, 453 F.3d 710, 713-15 (6th Cir. 2006) (holding that time limits contained in § 3663(f)(2) did not apply because the sentencing court had ordered the restitution to be paid immediately); United States v. House, 808 F.2d 508, 511 (7th

4

defendant is sentenced to neither probation nor imprisonment. Defendants like Abuhouran, who was sentenced to a term of imprisonment, are subject to § 3663(f)(2)(B). That provision prohibits the sentencing court from establishing a period or setting a schedule of installments more than five years after the "end of the term of imprisonment." Because Abuhouran is currently serving his term of imprisonment, he is within the period established by § 3663(f)(2)(B), and any payment schedule set by the sentencing court is still applicable.

We conclude that no substantial issue is presented on appeal. Therefore, we will grant the Appellee's motion for summary action and will summarily affirm the District Court's order. See L.A.R. 27.4; I.O.P. 10.6.

---

Cir.1986) (same).

If those limitations apply to an order requiring immediate payment, however, Abuhouran is still required to pay the restitution under § 3663(f)(2)(B), as discussed below.